IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAMELA KAY JOPLIN,

    Plaintiff,

v.                                                               No. 1:24-cv-00326-WJ-JMR

CAPSTONE REAL ESTATE SERVICES, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises from a dispute between *pro se* Plaintiff, who is being evicted from her apartment, and Defendant, which is the agent for the apartment. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 4, Doc. 1, filed April 4, 2024 ("Complaint"). Plaintiff indicates there is a pending lawsuit in state court dealing with the same facts as alleged in this Complaint. *See* Complaint at 4.

    United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff:

> As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting Tuck *v.* United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).
>
> There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
>
>> For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law . . . The complaint must identify

> the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law.
>
> *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir.2012) and *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). Although Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," there are no factual allegations showing that this case arises under 42 U.S.C. § 1983.
>
> There is no properly alleged diversity jurisdiction because the Complaint states that Plaintiff and Defendant are citizens of New Mexico. *See* Complaint at 1. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

Order to Show Cause at 2-3, Doc. 5, filed April 5, 2024. Judge Rozzoni also notified Plaintiff:

> It also appears that this case is barred by the *Younger* abstention doctrine because there is a pending proceeding in state court involving the same factual allegations. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).
> . . . .
>
> If the state-court proceeding is no longer ongoing, then this case may be barred by the *Rooker-Feldman* doctrine which:
>
>> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.
>
> *Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

Order to Show Cause at 3-4.  Judge Rozzoni ordered Plaintiff to show cause why the Court should not dismiss this casefor lack of jurisdiction and as barred by the *Younger* abstention or *Rooker-Feldman* doctrines, and to file an amended complaint.

Plaintiff did not file a response to the Order to Show Cause by the April 26, 2024, deadline. Plaintiff timely filed an Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Doc. 6, filed April 26, 2024.  There are no factual allegations in the Amended Complaint describing what Defendant did to Plaintiff and what specific federally protected right Plaintiff believes Defendant violated.  *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  Plaintiff alleges that she "fil[ed] timely Notice of Appeal in all New Mexico Court of Appeals, located at 2211 Tucker Avenue, Albuquerque, New Mexico."  Amended Complaint at 2-3.  Plaintiff did not otherwise address whether this case is barred by the *Younger* abstention or *Rooker-Feldman* doctrines.

Plaintiff has not shown that the Court has federal question jurisdiction over this case. Although Plaintiff filed her Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," there are no factual allegations showing that this case arises under 42 U.S.C. § 1983.

Plaintiff has not shown that the Court has diversity jurisdiction over this case.  The Amended Complaint does not assert that the Court has jurisdiction based on diversity of citizenship

and does not allege that complete diversity of citizenship exists between Plaintiff and Defendant. Plaintiff's original Complaint stated that both Plaintiff and Defendant are citizens of New Mexico. *See* Doc. 1 at 1, filed April 4, 2024.

The Court dismisses the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**